## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NATIONAL ELECTRICAL BENEFIT FUND**, )<br>2400 Research Boulevard, Suite 500 )<br>Rockville, Maryland 20850, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NY ELECTRIC SERVICES, LLC,** )<br>an Illinois limited liability company )<br>800 Business Center Drive )<br>Mount Prospect, IL 60056, )<br>)<br>and )<br>)<br>**NY ELECTRIC SERVICES GROUP, LLC,** )<br>*d/b/a NY Electric Services, LLC* )<br>a Florida limited liability company )<br>7150 NW 5th Place )<br>Miami, FL  33150, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.  8:17-cv-0121 |

## COMPLAINT

1.      This is an action brought by the Trustees of a multiemployer pension plan, the
National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions
owed to the NEBF by Defendants NY Electric Services, LLC and/or NY Electric Services Group,
LLC d/b/a NY Electric Services, LLC, pursuant to the provisions of their collective bargaining
agreements and the NEBF plan documents.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e).  Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145.  Venue is proper because the NEBF is administered within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4.      The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.  The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5.      Defendant NY Electric Services, LLC is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant NY Electric Services, LLC, is an Illinois limited liability

company whose main place of business is 800 Business Center Drive, Mount Prospect, Illinois 60056.

6. Defendant NY Electric Services Group, LLC, d/b/a NY Electric Services, LLC, is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Upon information and belief, Defendant NY Electric Services Group, LLC, is a Florida limited liability company who does business as NY Electric Services, LLC, from 7150 NW 5th Place, Miami, Florida 33150.

7. Either or both Defendants are bound to the various agreements described herein under a single or joint employer theory, and as such, the NEBF is entitled to compliance from either or both Defendants. The term "Employer" is used herein to refer to Defendants interchangeably.

## STATEMENT OF CLAIM

8. Employer is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Unions 134 as the collective bargaining representative of Employer's employees. Pursuant to the Collective Bargaining Agreements, Employer has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

9. Employer, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the

National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

10.     The Trust Agreement requires that Employer furnish the NEBF with payroll records and other information sufficient to determine whether Employer has satisfied its contribution obligation.

11.     In the event Employer has not satisfied its contribution obligation, the Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions, as well as interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, the cost of any audit, and all costs and attorneys' fees, incurred in collecting the delinquency.

12.     NEBF records and payroll reports prepared by Employer show that Employer failed to contribute $9,009.35 in connection with work performed in the jurisdiction of Local Union 134 during the period September 2015 through June 2016.

13.     Interest (calculated at the rate of 10% per annum through the present) on the aforementioned delinquent and other late paid NEBF contributions is equal to $883.85.

14.     Liquidated damages (calculated at the rate of 20%) on the aforementioned delinquent and other late paid NEBF contributions are equal to $1,801.87.

15.     Additional contributions are owed NEBF for work performed from July 2016 through the present, but the total amount cannot be determined because Defendant has failed to file its required payroll reporting forms.

16.     NEBF has incurred attorney's fees and costs in connection with its attempt to collect the delinquent contributions.

17. Despite Employer's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Employer, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

18. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

19. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

20. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a)  **$9,009.35**, representing delinquent NEBF contributions for the periods of September 2015 through June 2016;

(b)  **$883.85**, representing interest on the aforementioned delinquent NEBF contributions during the same period, calculated at the rate of 10% per annum compounded monthly through the date hereof;

(c)     an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full;

(d)     **$1,801.87**, representing liquidated damages in the amount of 20% of the aforementioned delinquent NEBF contributions;

(e)     an order directing Employer to submit its required payroll reporting forms for the payroll periods July 2016 through the present, and that it tender the corresponding contributions, with interest and liquidated damages;

(f)     reasonable attorneys' fees and costs incurred by NEBF in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and

(g)     any other such legal and/or equitable relief that the Court deems appropriate.


Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.


Dated:  January xx, 2017                    */s/  Jennifer Bush Hawkins*
                                            Jennifer Bush Hawkins  (13064)
                                            **POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
                                            900 7th Street, N.W., Suite 1020
                                            Washington, DC 20001
                                            Phone:  (202) 223-0888
                                            Fax:     (202) 223-3868
                                            jhawkins@phk-law.com

                                            *Attorneys for the*
                                            *National Electrical Benefit Fund*